## R. L. BROWNFIELD v. THOMAS HUGHES.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued March 27, 1889—Decided October 7, 1889.

(a) In an action to recover damages for personal injuries received, the court charged that " the burden was on the plaintiff to show a negligent act of the defendant, which was the proximate cause of the injury," and that " unless the omission to have a platform erected around the engine was the proximate cause of the injury," the plaintiff could not recover.

1. There being conflicting evidence sufficient to carry the case to the jury upon the questions covered by said instructions, it was not error to refuse to charge " that there is no evidence in this case that the omission to erect the platform was the proximate cause of the injury."

2. An employee, who continues to use a machine which he knows to be dangerous, takes upon himself the risk of injury therefrom; but this rule is inapplicable if the risk do not threaten immediate danger, and the employee continue in the employment in pursuance of a promise of the employer to remedy the defect.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 151 July Term 1888, Sup. Ct.; court below, No. 211 September Term 1886, C. P. No. 1.

On October 5, 1886, Thomas Hughes brought case against Robert L. Brownfield and H. P. Lummis, trading as Brownfield & Co., to recover damages for personal injuries caused by the alleged negligence of the defendants. . Subsequently, the name of H. P. Lummis was stricken from the record, and the cause proceeded against R. L. Brownfield alone, who pleaded not guilty.

Charge of Court below.

At the trial on May 9, 1888, the facts shown by the testi-
mony were in substance as follows :

In the winter of 1885–6, the defendant erected an establish-
ment for the cleaning of peanuts, and in February, 1886, em-
ployed the plaintiff to run the engine therein. It was the
plaintiff's duty to watch and test the temperature of the jour-
nals of the engine. He was a short man, but five feet four
inches in height. It was necessary to test by the feel of the
hand the crank-pin of the piston every few minutes. The
crank-pin, when at its highest point, was exactly five feet from
the floor. The bricks of the foundation under the engine re-
ceded from the base of it, so that the engineer was obliged to
lean over about eight or nine inches to reach the crank-pin, and
there was a guard-rail at the side about three feet and a half
high to prevent persons coming in contact with the engine.
On May 13, 1886, while the plaintiff was testing the temper-
ature of the crank-pin, his hand with which he was feeling was
caught and crushed between the revolving crank and other
parts of the engine.

The plaintiff testified that several times before the accident
he had called the attention of the defendant and his superin-
tendent to the necessity of a platform about the base of the
engine, and requested that such a platform be erected; that
both the defendant and the superintendent had promised to
have the platform put up, if plaintiff would continue with the
engine. Other witnesses, experienced engineers, testified on
behalf of the plaintiff to the necessity of frequently testing by
the feel of the hand the temperature of the crank-pin, and that
the engine in this instance was set too high for being operated
by a man of the plaintiff's height. The defendant and his
superintendent denied having promised the plaintiff to erect
the platform, and relied upon the testimony of witnesses show-
ing that the engine was constructed and set up properly by
competent mechanics, and that to put such a platform about
the engine would have rendered it dangerous.

At the close of the testimony, the court, ALLISON, P. J.,
charged the jury, saying inter alia, as follows :

[If you find that the defendant was negligent in not putting
up a platform for the plaintiff, and that by reason of his not

Charge of Court below.

putting up that platform this accident fell upon him, then you can only find for the plaintiff upon finding the fact that he did call the attention of the defendant to that defect and asked him to repair it, and that he did not repair it, and that by reason of his not doing that he lost the use of his right hand.] [1]

   \*    \*    \*    \*    \*    \*    \*   .   \*

[You will take this case and decide it according, as you believe under this evidence, to whom right and justice appertains. If the contention of the plaintiff is sustained in your belief, considering all the evidence, considering it fairly upon the one side and the other, and reviewing fairly upon one side and the other, that this injury fell upon him by reason of the neglect of the defendant to put that platform alongside of that engine, after he had been notified and called upon to do it, and after, as plaintiff says, he promised to do it, and if that was the direct cause of the injury as it fell upon him, and it was the neglect of the defendant which caused that injury, that would entitle him to recover a verdict at your hands.] [2]

   \*    \*    \*    \*    \*    \*    \*    \*

I have been asked to charge the jury on several points of law which have been submitted to me by the counsel for the defendant. The first and second points are :

1. If the plaintiff continued to run the engine, after he considered it dangerous, and suffered an injury thereby, he cannot now recover for such injury.

2. The continuance of the plaintiff in the performance of his duties, as engineer, after he deemed the engine unsafe, was at his own risk and peril. ·

Answer: I have already said to the jury, that if the plaintiff knew the service about the engine was dangerous and he said nothing to the defendant of it and did not call upon him to remove the cause of danger, he cannot recover; and I have already said that if the cause of danger already existed and the jury find, under the evidence, that he called upon the defendant to remove it and he did not do so, and by reason of the want of that platform this injury fell upon the plaintiff, then he is entitled to recover. It depends upon how you find the fact of the notice of the plaintiff to the defendant, as to the want of that platform and whether he did so notify him of the want of the platform and he failed to supply the platform around the engine.[3] [4]

Charge of Court below.

3. If the jury believe, from the evidence, that the defendant employed competent mechanics to set up the engine and this was done with reasonable care and skill, so that an engineer with ordinary care and skill could perform his duties without injury to himself, the plaintiff cannot recover in this case.

Answer: That proposition, as an abstract proposition, is undoubtedly well stated and correctly stated; but it all depends upon the other question to which I have referred, as to whether the plaintiff, as he said he did, discovered that he could not safely run this engine without a platform and notified the defendant to repair the want of that platform, or to put the platform there; and, if he did not (as it is admitted he did not) put the platform up at his call, then, under such circumstances, they would still be responsible. The general principle of law is that if one, having work to do, a piece of machinery to construct, a house to build, or anything of that kind, employs competent mechanics to do it, and by reason of some cause over which he has no control, injury falls upon some person who happens to be in the neighborhood, he, having done what the law imposes upon him as the measure of his obligation, and having employed competent persons to do the work, is not responsible; but this case does not rest upon the abstract application of this principle. It is carried further, under the contention of the plaintiff; that is, that, after going into the employment of the defendant and having found how difficult it was to run this engine, with safety, without a platform, he notified the defendant of the necessity of the platform, and the defendant did not repair that want, or put the platform there, if it was wanted.[5]

5. The burden is on the plaintiff to show a negligent act of the defendant, which was the proximate cause of the injury, and failing to do so the verdict should be for the defendant.

Answer: Affirmed.

6. Unless the omission to have a platform erected around the engine was the proximate cause of the injury, the plaintiff cannot recover.

Answer: Affirmed.

7. There is no evidence in this case that the omission to erect the platform was the proximate cause of the injury.

Answer: I decline to affirm that, leaving that to the jury.[6]

8. Under the evidence in this case the verdict must be for the defendant.

Answer: Of course I decline that.[7]

The jury returned a verdict in favor of the plaintiff for $1,000. A rule for a new trial having been discharged, judgment was entered on the verdict, whereupon the defendant took this writ, specifying that the court erred:

1, 2. In the portions of the charge embraced in [ ][1][2]

3–7. In the answers to defendant's points.[3] [to] [7]

*Mr. M. Hampton Todd*, for the plaintiff in error.

*Mr. D. Webster Dougherty*, for the defendant in error.

OPINION, MR JUSTICE STERRETT:

This case was submitted to the jury in a voluminous charge of eighteen printed pages, wherein their attention was called to the facts which it was claimed the evidence tended to establish, as well as the principles of law applicable thereto. The jury by their verdict found that the injury complained of resulted from defendant's neglect of duty, and that plaintiff below was not guilty of contributory negligence. It would be a waste of time to review either the evidence or the principles of law applicable to the case. The facts which the former tended to prove have been settled by the verdict, and, as to the latter, they have been so well settled by repeated decisions of this court that discussion of them is unnecessary.

There is no complaint as to the admission or rejection of evidence; but, it is claimed the evidence was insufficient. The last specification of error is to the refusal of the court below to instruct the jury that, under the evidence, their verdict "must be for the defendant." From a careful perusal of the testimony submitted to us, we think the court was clearly right in refusing to so instruct the jury. The evidence, which was somewhat conflicting, was quite sufficient to carry the case to the jury on the questions of negligence and contributory negligence involved in the issue.

Nor was there any error in the refusal of the court to charge, as further requested by defendant below, viz.: "There is no

evidence in this case that the omission to erect the platform was the proximate cause of the injury." The facts upon which that question depended, were solely for the determination of the jury, and were properly submitted to them. In his fifth and sixth points, defendant below requested the learned judge to charge as follows, on the subject of proximate cause: "The burden is on the plaintiff to show a negligent act of the defendant which was the proximate cause of the injury, and failing to do so the verdict should be for defendant:" and, "Unless the omission to have a platform erected around the engine was the proximate cause of the injury, the plaintiff cannot recover." Both of these propositions were affirmed, and the jury must have found that the omission to have the platform erected around the engine was in fact the proximate cause of the injury. In view of the fact that there was abundant evidence of such omission on the part of defendant, it would have been error to withdraw the question from the jury. The sixth and seventh specifications are not sustained.

The subjects of complaint in the first and second specifications, respectively are portions of the general charge. We fail to discover any error in either of these excerpts, especially when they are considered, as they should be, in connection with other parts of the general charge.

The learned judge's answer to the points recited in the third and fourth specifications of error, when considered in connection with what he said on the same subject in the body of his charge, is substantially correct. As a general rule, it is true that an employee who continues to use a machine which he knows to be dangerous, takes upon himself the risk of any accident that may result therefrom; but that principle has its qualifications, one of which is, that if the employee in pursuance of the promise of his employer to remedy the defect, and the risk be not such as to threaten immediate danger, continue in his employment and be injured, without fault on his part, the employer may be liable. That exception to the general rule is recognized in several cases, among which is Patterson *v.* Railroad Co., 76 Pa. 394, in which it is said: "But, when the servant in obedience to the requirement of the master incurs the risk of machinery, which, though dangerous, is not so much so as to threaten immediate injury, or where it is reason-

ably probable it may be safely used by extraordinary caution, the rule is different. In such case the master is liable for a resulting accident." The facts of the present case, we think, fairly bring it within that exception to the general rule.

The fifth specification of error is not sustained. The answer therein complained of is free from error. There appears to be nothing in the record that requires a reversal of the judgment.

Judgment affirmed.