## Held *v.* American Window Glass Company, Appellant.

*Negligence—Master and servant—Risk of employment—Notice of defective appliance.*

In an action by an employee against his employer to recover damages for personal injuries, it appeared that the plaintiff was employed to oil overhead machinery. To reach the place at which he performed this service he was required to ascend a perpendicular ladder, about twenty feet in height, and then to step on the rafters or stringers of the building, supporting himself while doing so by taking hold of a crosspiece about eleven inches beyond and above the top of the ladder. The room in which the work was done was lighted by natural gas. The plaintiff ascended the ladder, and after he had relaxed his grip from the top rung of the ladder, and was reaching for the crosspiece above, the gas failed and he missed his hold, and fell to the floor below. It appeared that about seven months before the defendant had removed the tips or burners from the gas pipes. A few days before the accident plaintiff called the attention of the defendant's superintendent to the defective condition of the light. He testified that he remained in the company's service under a promise by the superintendent that the defect would speedily be remedied. The superintendent denied that any such conversation took place.

*Held,* that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

Argued Nov. 2, 1903. Appeal, No. 113, Oct. T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co., May Term, 1902, No. 122, on verdict for plaintiff in case of August Held v. American Window Glass Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,750. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.— When an employee appreciates the particular nature of the risk and chooses to encounter it with a certain appliance only, he assumes the risk of the insufficiency of the appliance : Crawford v. American Steel & Wire Co., 123 Fed. Repr. 275 ; Louisville, etc., R. R. Co. v. Kemper, 147 Ind. 561 (47 N. E. Repr. 214) ; Breig v. C. & W. M. Ry. Co., 98 Michigan, 222 (57 N. W. Repr. 118).

*W. J. Brennen*, for appellee.—A servant can recover from his master when he remains in his master's employ with knowledge of defects in the machinery he is obliged to use and assume the risks attendant on the use of such machinery, if he has notified his employer of such defects or protested against them in such a way as to induce a confidence that they will be remedied : Mansfield Coal & Coke v. McEnery, 91 Pa. 185 ; Kroy v. Chicago, R. I. & P. Railroad Co., 32 Iowa, 357 ; Greenleaf v. Dubuque & Sioux City Railroad Co., 33 Iowa, 52 ; Snow v. Housatonic Railroad Co., 90 Mass. 441 ; Patterson v. Pittsburg & Connellsville Railroad Co., 76 Pa. 389 ; Brownfield v. Hughes, 128 Pa. 194 ; Wagner v. Jayne Chemical Co., 147 Pa.

475; Kehler v. Schwenk, 151 Pa. 505; Murphy v. Crossan, 98 Pa. 495; Madara v. Pottsville Iron & Steel Co., 160 Pa. 109; Reese v. Clarke, 198 Pa. 312.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1904:

This is an action by an employee to recover damages for injuries which he alleges he sustained by reason of the negligence of his employer, the defendant company, which is engaged in the manufacture and sale of window glass. The plaintiff was an engineer in the mixing room of the defendant's plant and his duties required him to oil overhead machinery. To reach the place at which he performed this service he was required to ascend a perpendicular ladder, about twenty feet in height, and then to step on the rafters or stringers of the building, supporting himself while doing so by taking hold of a crosspiece about eleven inches beyond and above the top of the ladder. In making the ascent he carried the oil can in his left hand and sustained himself with his right hand by taking hold of the rungs of the ladder and the crosspiece above it. The room in which the plaintiff worked was at the time of the accident lighted by two natural gas jets. About nine o'clock of the evening of June 2, 1900, the plaintiff, in the performance of his duties, ascended the ladder and when in the act of stepping from it to the rafters above fell to the floor and was seriously injured. He testifies that after he had relaxed his grip from the top rung of the ladder and was reaching for the crosspiece above, " the gas failed, and I missed my hold, misgauged my reach and fell below." It is alleged by the plaintiff that he was injured because the light appliances were defective and he claims, as stated by the trial judge in his charge, " that these defective lights made this employment unnecessarily dangerous; that is, that common, ordinary prudence would have caused the employer to put these lights in better condition, considering the fact that the party was expected to go up that ladder, and that the lights were useful and necessary in order to make that reasonably safe." It is further alleged by the plaintiff that he called the attention of the defendant company's superintendent to the defective condition of the lights and that he remained in the company's service under a promise by the superintendent that the defect would speedily be remedied.

The defendant company denies that the gas burners were defective or that it was guilty of negligence in the performance of any duty it owed the plaintiff. It alleges that at the time of the accident there was ample light in the mixing room and at the top of the ladder to enable the plaintiff to see distinctly the objects about him. It further denies that the plaintiff gave its superintendent notice that the lights were defective or that the superintendent ever promised him to remedy any alleged defective lights. It is also claimed by the defendant that if there was any danger arising from defective lights it was so manifest and immediate that the plaintiff by continuing in the service assumed the risk.

There is but a single assignment and it alleges error in the court below in refusing to charge that under all the evidence in the case the verdict should be for the defendant.

The case was carefully and, as we think, correctly tried by the learned trial judge. In his charge he referred to the facts which the defendant concedes are sustained by the testimony and stated clearly and distinctly the questions for the consideration of the jury. The weak points of the plaintiff's case were alluded to and commented on by the court. The defendant can have no just cause of complaint as to the manner in which the case was submitted.

It is earnestly urged, however, that the facts warranted the court in withdrawing the case from the jury, that they disclosed no negligence by the defendant company, and that if the light appliances were defective as alleged by the plaintiff, he had full knowledge of the fact and therefore assumed the risk incident to the danger. But this position requires the court to determine the facts and thus invade the exclusive province of the jury. If Held's testimony was true, and evidently it was believed by the jury, there was ample light in the mixing room until the defendant company removed the tips or burners from the pipes a few months prior to the accident. The effect of the removal of the burners was that when there was a severe pressure on the gas line, it would cause the light to suddenly disappear and be succeeded by a blue flame. This, if the testimony is credible, is exactly what occurred at the time the plaintiff attempted to leave the ladder and take hold of the crosspiece. The jury have so found, and further that it

caused the plaintiff to miss his hold and fall to the floor, resulting in the injuries for which he complains in this suit. The jury's finding is neither unreasonable nor illogical. The instant change in a room from light to darkness or darkness to light tends to confuse, and when the plaintiff was in the act of reaching for the crosspiece, the effect of the sudden disappearance of a bright gas light would be to disconcert him and thereby cause him to fail in grasping the crosspiece. Experience teaches that such is a natural consequence.

The plaintiff testifies that three or four days before the accident he notified the defendant's superintendent, Howard, that the lights were defective and that he, the plaintiff, continued in the defendant's service on the assurance that they would receive immediate attention. This testimony is corroborated by that of Mrs. Held. On the other hand Howard when called as a witness by the defendant company positively denied that he ever had any conversation with the plaintiff on the subject and that Held ever complained to him about the lights being imperfect or defective. The issue thus made was one of fact and was for the jury. This was the only testimony on the subject and we do not agree with defendant's counsel that its weight was overwhelmingly against the plaintiff; on the contrary, we think the jury were amply justified in believing the plaintiff's story. It was likewise a question of fact, and for the jury, whether the danger was so obvious and imminent that a prudent man would have left defendant's service rather than incur the peril arising from the defective lighting of the room, and also whether Held observed the additional care which the circumstances of the increased risk demanded. He had, if the testimony is believed, the assurance of the superintendent that the matter would receive immediate attention and that the defective lighting would be remedied. The change in the burners which caused the defect in the lighting had taken place about seven months prior to the accident. During this time, by the exercise of prudence, the plaintiff had escaped danger, and hence the fact that he continued in the defendant's service three or four days after he gave the notice to the superintendent would not have justified the court, as a matter of law, in declaring him guilty of negligence. The question was for the jury and they were warranted under the evidence in finding,

as they did, that the plaintiff was not negligent in remaining in the defendant's service. That he exercised the additional care and precaution which the situation required they also found on evidence sufficient to support the verdict.

No discussion of the law is necessary. The learned trial judge followed closely our decisions in his instructions to the jury on the law of the case. The learned counsel for the defendant have cited no decision of this court in conflict with the law as announced in the trial judge's charge. In fact, we do not understand that there is any difference of opinion on the law of the case, the contention of the defendant being that the facts as disclosed by the evidence did not, under the law, convict the defendant of negligence. We have not sustained this contention, but are clear that the facts warranted their submission to the jury.

The judgment is affirmed.