# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## Talbot, Appellant, v. Sims.

*Negligence—Master and servant—Contributory negligence—Continuance in dangerous employment.*

An employee who continues in an employment, which, by reason of defective machinery or appliances he knows to be dangerous, assumes the risk of any accident that may result therefrom.

Where a stone mason sees four stones fall in two successive days from defective "dogs" connected with a derrick, and he continues his work, and is injured on the third day by a fifth stone falling upon him, he cannot recover from his employer. In such a case it is immaterial that the workman after the second stone fell called the attention of the foreman to the fact, and that the foreman said no change would be made.

Argued Feb. 8, 1905. Appeal, No. 19, Jan. T., 1905, by plaintiff, from order of C. P. Delaware Co., Dec. T., 1903, No. 110, refusing to take off nonsuit in case of Elias Talbot v. Charles A. Sims, trading as Charles A. Sims & Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

VOL. CCXIII—1 (1)

*Error assigned* was refusal to take off nonsuit.

*O. B. Dickinson*, with him *John E. McDonough*, for appellant.—Knowledge of a defective appliance does not necessarily constitute contributory negligence. It is plain that one may exercise due care with full knowledge of the danger to which he exposes himself. This certainly is not contributory negligence. Knowledge is presumptive evidence of contributory negligence, but it is a disputable presumption and may be rebutted by proper evidence of ordinary care under the circumstances: Evansville, etc., R. R. Co. v. Crist, 19 N. E. Repr. 310; Patterson v. R. R. Co., 76 Pa. 389; Brownfield v. Hughes, 128 Pa. 194; Fick v. Jackson, 3 Pa. Superior Ct. 378; Webster v. Coal & Coke Co., 201 Pa. 278; Bennett v. Glass Co., 158 Pa. 120; Oak Bridge Coal Co. v. Reed, 5 W. N. C. 3; Schall v. Cole, 107 Pa. 1.

*J. B. Hannum*, for appellee.—An employee who continues to use a machine which he knows to be dangerous takes upon himself the risk of injury therefrom: Brownfield v. Hughes, 128 Pa. 194; Green & Coates St. Pass. Ry. Co. v. Bresmer, 97 Pa. 103; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185.

OPINION BY MR. JUSTICE BROWN, October 9, 1905:

The appellant, a stone mason, was employed by the appellee in October, 1903, in his construction of a stone wall. The stones were carried to it by a boom derrick after being hoisted by the aid of "dogs." He had worked for the appellee at the same kind of work for several months before the accident, during which time the same kind of "dogs" were used. On October 6, two stones slipped from them within an hour and fell at the place where he was working. He and the foreman saw them fall. When the second one fell he said to the foreman, "Paddie, them dogs ain't no good. Why don't you get a pair of the round dogs?" To which the foreman replied, "You can't get nothing. There is not but one pair of round dogs on the job." A third stone slipped and fell the next day October 7. This was also seen by the appellant and the foreman. About an hour later a fourth one fell, when he again reminded the foreman, who had seen the fall, that the "dogs"

were "no good" and would not "hold." On October 8 a fifth stone fell and struck him, causing the injuries of which he complains. A judgment of nonsuit was directed by the court below, but the specific ground on which it was entered was not stated by the learned trial judge. He refused to take it off because he was of opinion that the plaintiff had voluntarily continued to subject himself to danger after he had known its imminence, intimating at the same time that the contributory negligence of a fellow servant was a bar to a recovery.

Two days in succession the appellant saw the peril which overhung him every time the stones were lifted by the derrick and suspended over him. His testimony is that, as the stones were constantly slipping from the "dogs," he was "on the lookout all the time to see if the stones would fall," and "kept close watch on them, all the time afraid a stone would slip out." At the time the fifth one fell he could not have been on the lookout; and he did not, by his own vigilance, upon which he undertook to rely, protect himself from the constantly imminent danger, to which he voluntarily continued to subject himself after he knew his employer had not guarded against it and had not promised to do so. The only actual notice of the defective "dogs" that he pretends was given to his employer was that to the foreman, from whom he learned that no change would be made. From the testimony but one conclusion could have followed, if the case had been submitted to the jury, and that is that the danger was so imminent that the appellant was bound to heed it and to know that if he continued to voluntarily subject himself to it, as he admittedly did, his employer would not be liable for the injuries he has sustained. The oft-repeated rule as to this is, that an employee who continues in an employment, which, by reason of defective machinery or appliances, he knows to be dangerous, assumes the risk of any accident that may result therefrom, with the qualification that if, in pursuance of the promise of his employer to remedy the defect, and the risk be not such as to threaten immediate danger, the employee continue in the employment and be injured without fault on his part, the employer may be liable: Brownfield v. Hughes, 128 Pa. 194.

Judgment affirmed.