# Ligon v. John A. Beck Salt Company, Appellant.

*Negligence—Master and servant—Elevator—Evidence.*

In an action by an employee against an employer to recover damages for injuries resulting from a fall from an elevator, the case is for the jury and a verdict and judgment for plaintiff will be sustained where it appears that the plaintiff on the morning of the accident reported the elevator to be out of repair to the defendant's general superintendent and manager who hired and discharged men and supervised the general operation of the plant, and that the superintendent after an examination of the elevator told the plaintiff "Go ahead, that it was all right," and that the plaintiff in pursuance of this direction went on to the elevator and was injured.

Argued April 28, 1910.    Appeal, No. 176, April T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1906, No. 5, on verdict for plaintiff in case of Jefferson Ligon v. John A. Beck Salt Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,024.50.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. S. & E. G. Ferguson*, for appellant.

*Meredith R. Marshall*, with him *Thos. M. & Rody P. Marshall*, for appellee.

OPINION BY ORLADY, J., July 20, 1910:

The only assignment of error in this case is, that, un-

der all the evidence in the case, the verdict should be for the defendant. The appellant cites no authorities in his argument, but submits a critical analysis of the testimony in an endeavor to satisfy this court that the error of which he complains was so glaring that the court below should have directed the verdict in favor of the defendant.

The plaintiff was employed to convey salt in a wheelbarrow from the first to the second floor of the appellant's plant, the method being to place the loaded wheelbarrow on an elevator, which was a platform car, about twelve feet in length and nine feet in width, and which was raised and lowered by a wire cable passing over a drum and operated by a lever rod running along the side of the elevator. At the time of the accident, the platform was within two feet of the second floor, when the elevator suddenly started back, and after having dropped about a foot it was suddenly stopped, and the plaintiff was jarred and thrown from the platform.

It appeared on the trial that previous to this accident the elevator was complained of as being defective by employees and was repaired by the company. On the morning of the accident the plaintiff reported the elevator to be out of repair to the general superintendent and manager of the business and works, who hired and discharged the men and supervised the general operation of the plant. After an examination of the elevator had been made by this superintendent the same morning the plaintiff was directed by him "to go ahead, that it was all right." The alleged defect consisted of a piece being broken out of the edge of the wheel over which the wire rope ran. The plaintiff contended that it was "V" shaped and was of considerable size, and the defendant that it was quite small; and although the superintendent admitted that his attention had been called to it, he did not consider it of sufficient importance to stop the operation of the elevator. The defendant in his history of the case says: "Our contention was that the plaintiff failed to show the negligence alleged, and that the accident happened notwithstanding due and

proper care and inspection on our part. That it happened from a break in a wheel, and the probabilities of which break there was nothing to indicate."

The testimony was brief and quite direct that the integrity of the wheel thus broken required a more critical inspection than has been given to it. It was noticeably defective, and it was for the jury to say whether the subsequent fracture of the body of the wheel should not have been ascertained or anticipated by making a more careful examination by the superintendent.

The rule in such a case has been so fully and recently declared that it is not here necessary to more than refer to Reese v. Clark, 198 Pa. 312; Levy v. Rosenblatt, 21 Pa. Superior Ct. 543; Brownfield v. Hughes, 128 Pa. 194; Groves v. McNeil, 226 Pa. 345.

There was abundant evidence to justify the finding that the defendant company was negligent in failing to repair the elevator by replacing the broken and worn cable wheel. The plaintiff was warranted in acting upon the direction of the superintendent and vice principal. The assurance that the wheel was all right and that he should go ahead with his work justified the employee in continuing to work at the place assigned to him and with the appliances furnished by the master.

The assignment of error is not sustained, and the judgment is affirmed.