# Wilbert *v.* Weicht, Appellant.

*Negligence—Master and servant—Dangerous machine—Failure to repair—Continuance at work.*

A workman is entitled to recover damages from his employer where it appears that he was struck in the eye by a button hurled from a button cutting machine in the employer's factory; that at the end of the day prior to the accident he had complained to the foreman that the machine was not working right, and that he would not work at it; that he was notified that the machine would be fixed; that on the following morning he was told that the machine had been fixed, and that he could start to work; that shortly afterwards the accident happened; and that there was no guard on the machine, although such an appliance was practicable and used in other factories.

Argued Nov. 30, 1915. Appeal, No. 187, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1913, No. 2961, on verdict for plaintiff in case of Matthias Wilbert v. Adolph Weicht, Jr., and Adolph Weicht, Sr., trading as Adolph Weicht & Sons. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The circumstances relating to the accident, are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Arno P. Mowitz,* with him *D. H. Solis-Cohen,* for appellant, cited: Hemscher v. Dobson, 220 Pa. 222; Alexander v. Penna. Water Co., 201 Pa. 252; Higgins v. Fanning Co., 195 Pa. 599.

*I. G. Gordon Forster,* with him *Rowland C. Evans,* for appellee.—The plaintiff had a right to rely on the statement of the foreman that the machine had been fixed: Hartman v. Reading Wood Pulley Co., 38 Pa. Superior Ct. 587; Ligon v. Salt Company, 43 Pa. Superior Ct. 583; Eldridge v. Fell Manf. Co., 240 Pa. 321; Moleskey v. Mining Company, 247 Pa. 434.

OPINION BY ORLADY, P. J., March 1, 1916:

The plaintiff, while working at a button cutting machine in the defendant's factory, was struck in the left eye by a button, which was hurled from the machine, and resulted in the total loss of sight of that eye. He was an experienced workman, forty-five years of age, and near the end of the day before the accident happened, he

noticed that the machine was not in good working order —it was shaking and jumping so as to make its operation uncertain and dangerous. He called the attention of the foreman, whose duty it was to keep the machines in good order, to the fact that "it was shaking, out of order and dangerous and that it would have to be fixed, or he would not work with it." He was notified that the machine would be fixed, and be all right. This was confirmed when he returned to his work the next morning and found the foreman and one of the defendants talking together. He asked—Is this machine fixed?—and both replied, "Yes, go ahead, start to work, it is all right,— they said they had fixed the machine."

It was alleged and satisfactorily proved to the jury that the hanger box and several parts of the machine, on account of the high speed at which it ran, had become worn and loosened so as to make the cutting parts inaccurate in movement, and the pressure on the vegetable ivory from which the buttons were formed, was so irregular that the button was likely to be thrown out of its adjusted place. It was further shown that there was no guard on this machine, to prevent a similar accident, though it was practicable to have such an appliance, and that such guards were in use in other factories. There were some positive denials of material facts from the defendant's witnesses but, as the disputed facts should be disposed of only by a jury, we adopt the plaintiff's version as true, it being the one on which the verdict is founded. From this it must be accepted as reasonably true, that when the foreman repaired the admittedly defective machine, it was not made permanently secure, as the accident was caused by the defective operation of the same parts to which his attention had been called the previous day, and the plaintiff had a right to rely on the assurance of his employer that it was all right and safe to operate.

When a servant remains in the service of his master, after he has knowledge of the dangerous condition of

the place in which he is engaged, he is presumed to assume the risk of the danger, but, this presumption is rebutted if the master promises to repair the defect, and the danger is not so obvious or imminent, but that negligence can fairly be imputed to the servant for exposing himself to it: Webster v. Monongahela, Etc., Coal and Coke Co., 210 Pa. 278; Held v. Glass Co., 207 Pa. 534; Maines v. Harbinson-Walker Co., 213 Pa. 145; Ligoin v. Salt Co., 43 Pa. Superior Ct. 583. The jury evidently concluded that the plaintiff relied on the tests made and judgment of his employer in assuring him that the risk he apprehended had been relieved. In regard to the duty of the employer, and the risks incident to the work, the jury was carefully instructed by the trial judge. If he was induced to go ahead, and there was no carelessness on his part, in other words, if he took no chances, knowing the condition of affairs, or the injury was received on account of a glass shield not being there, when it ought to be there, then the verdict should be for the plaintiff. The only assignments are to the refusal of the court to give binding instructions, and, afterwards, in refusing to enter judgment for the defendant. There was ample evidence to warrant the verdict, and the disputed questions of fact were fairly and adequately submitted.

The judgment is affirmed.